IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND,<br><br>    Plaintiffs,<br><br>v.<br><br>HOGAN CP INC., an Illinois corporation; and FARRAH HOGAN, Individually,<br><br>    Defendant. | No. 19-cv-8243 |

## COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys,

1

Donald D. Schwartz, James R. Anderson, Brian C. James, and ARNOLD AND KADJAN LLP, complain against Defendants Hogan CP Inc. ("**HOGAN**"), an Illinois corporation, as follows:

## COUNT I

### Jurisdiction and Venue

1. a. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

   b. Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 19 U.S.C. Section 185, and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council No. 14 and its affiliated locals (the

2

"Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

6. Hogan CP Inc., an Illinois corporation ("**HOGAN**") is an employer engaged in an industry affecting commerce.

## The Agreements

7. **HOGAN** entered into a collective bargaining agreement ("Labor Agreement") with the Union on or about **May 13, 2013** whereby **HOGAN** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. In the Labor Agreement, **HOGAN** also agreed to be bound to the Plaintiffs' Funds' Declarations of Trusts. A copy of the Labor Agreement is attached as "**EXHIBIT A**."

8. Pursuant to the provisions of the Labor Agreement and Trust Agreements, **HOGAN** is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **HOGAN** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds. In addition, the Labor Agreement specifies due dates for

3

**HOGAN'S** periodic contributions. Should **HOGAN** fail to contribute to the Funds by the due date, liquidated damages are assessed against it.

9. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **HOGAN** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **HOGAN** is in compliance with its obligation to contribute to the Funds.

10. **HOGAN** has failed to make monthly reports and contributions to the Plaintiffs for since on or about July 2019 and September 2019 through the present. **HOGAN** has also breached the Labor Agreement and Trust Agreements by failing to timely make fringe benefit fund contributions when they became due, and as a result is required to pay liquidated damages as a consequence thereof. On information and belief, **HOGAN** owes at least $729.21 in unpaid liquidated damages for the period of July 1, 2018 through the present, subject to increase pending an audit. Plaintiffs, require an audit to determine the full extent of **HOGAN**'s noncompliance with its obligations to make payments to the Funds.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A. That **HOGAN** be ordered to produce books and records for a fringe benefit Fund contribution compliance audit for the period from July 1, 2018 through the present: and

B. Judgment be entered against **HOGAN** and in favor of Plaintiffs, in the amount shown to be due based on its reports and the audit;

C. That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, and any prior unpaid accumulated liquidated damages, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section

1132(g); and

    D.     Such other and further relief as the Court deems appropriate.

## COUNT II

11.    Plaintiffs restate paragraphs 1 through 10 of Count I as if fully set herein.

12.    Article 15, Section 1(b)(1) **(EXHIBIT B)** of the Labor Agreement requires employers to provide a bond in the amount of Twenty Five Thousand Dollars prior to commencing work covered by the Labor Agreement where an employer employs seven but fewer than thirteen covered employees.

13.    In the event that an employer, e.g., **HOGAN**, fails to satisfy the bonding requirement in whole or in part, Article 15, Section 1(b)(2) of the Labor Agreement triggers liquidated liability in the amount of Thirty Thousand Dollars plus all unpaid amounts in excess of that sum against the corporation and personal liability on each individual officer of that corporation who is empowered to execute agreements or sign checks on behalf of the corporation in the event that no bond is provided. Personal liability is in the amount of Thirty Thousand dollars plus any amounts owed in excess of that sum by the employer to the Plaintiffs.

14.    Defendant **FARRAH HOGAN** is the president of Defendant **HOGAN**.

15.    On information and belief, **FARRAH HOGAN** is an individual who resides within this judicial district.

16.    Defendant **HOGAN** failed to provide any bond in any amount to provide for the prompt payment of wages and fringe benefit fund contributions and it has employed more seven or more covered employees.

17. Defendants **HOGAN** and **FARRAH HOGAN** are liable to the Funds in the amount of Thirty Thousand Dollars plus any amounts owed in excess of that sum by the employer **HOGAN** to the Plaintiffs.

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A. Enter judgment in favor of **HOGAN** and Defendant **FARRAH HOGAN** in the amount shown to be due on the audit.

Respectfully submitted,

**TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

By: /s/Brian C. James
One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
ARNOLD AND KADJAN LLP
35 East Wacker Drive., Ste. 600
Chicago, Illinois 60601
(312) 236-0415

6